**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

FREDA J. HENSLEY,

Plaintiff,

v. CIVIL ACTION NO. 2:21-cv-00394

CITIFINANCIAL CREDIT COMPANY, et al.,

Defendants.

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CitiFinancial Credit Company's ("CitiFinancial") Motion to Dismiss and/or Motion for Summary Judgment, (ECF No. 8), which the Court treats as a motion to dismiss. For the reasons discussed below, the motion is **DENIED**.

## *I. BACKGROUND*

This case arises out of an appraisal of Plaintiff Freda Hensley's ("Plaintiff") home. The Amended Complaint alleges that Plaintiff was induced into a home secured loan with CitiFinancial on December 9, 2005. (ECF No. 1-1 at 21.) Plaintiff claims that CitiFinancial "arranged for a valuation of Plaintiff's home with an appraiser who has a reputation for providing bogus, inflated appraisals" and originated a loan with Plaintiff based on this appraisal. (*Id.* at ¶¶ 10-11.) According to the Amended Complaint, CitiFinancial assigned the loan to Carrington Mortgage Services, LLC ("Carrington") in or around 2017, (*id.* at ¶ 15,) and Carrington sought to foreclose

on Plaintiff's home. (*Id.* at 22, ¶ 18.) Then, in or around December 2020, Carrington allegedly assigned the loan to Defendant AHP Servicing, LLC, which sought foreclosure. (*Id.* at ¶¶ 22.)

According to the Amended Complaint, Plaintiff did not discover the alleged bogus nature of the appraisal or CitiFinancial's misrepresentations thereof until sometime "[i]n or around March 2020[.]" (*See id.* at ¶ 21.) Plaintiff then initiated this action on May 27, 2021, and CitiFinancial removed the matter to this Court on July 9, 2021. (ECF No. 1.) The Amended Complaint asserts three causes of action against CitiFinancial: (1) Count One—Fraud; (2) Count Two—Illegal Loan; and (3) Count Three—Unconscionable Inducement. (*Id.*)

CitiFinancial filed the instant Motion to Dismiss and/or Motion for Summary Judgment ("Motion") on August 8, 2021. (ECF No. 9.) Plaintiff never filed a response. As such, this uncontested motion is ripe for adjudication.

## *II. LEGAL STANDARD*

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable

inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## *III. DISCUSSION*

The Motion presents four arguments: (1) Plaintiff is not a "consumer" entitled to assert claims under the West Virginia Consumer Credit and Protection Act ("WVCCPA"); (2) Plaintiff's WVCCPA claims are untimely; (3) Plaintiff's claims are barred by laches; and (4) Plaintiff waived her right to challenge the loan. (ECF No. 8.) Each argument is discussed in turn below.

### *A. Motion to Dismiss Standard*

As an initial matter, CitiFinancial attached multiple exhibits to its Motion. However, "Rule 12(b)(6) does not mandate that a district court treat a motion to dismiss as a motion for summary judgment simply because the moving party includes exhibits with its motion." *Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004). It "only requires that a motion to dismiss be treated as a motion for summary judgment when the motion to dismiss or exhibits present matters outside the nonmoving party's pleadings *and the district court does not exclude such matters*." *Id.* (emphasis added). Nevertheless, a court may consider extrinsic evidence at the 12(b)(6) stage if such evidence "was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare,*

*Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice . . . ." *Trigon Healthcare*, 367 F.3d at 234 (internal quotations omitted).

Here, CitiFinancial attached the following eight exhibits to its Motion: (1) Exhibit A is a Disclosure Statement, Note and Security Agreement ("Note") signed by Plaintiff; (2) Exhibit B is a Deed of Trust ("DOT") signed by Plaintiff; (3) Exhibit C is Plaintiff's bankruptcy petition; (4) Exhibit D is Plaintiff's bankruptcy discharge; (5) Exhibit E is CitiFinancial's assignment of the DOT to Carrington;[1] (6) Exhibit F is a Loan Modification Agreement signed by Plaintiff; (7) Exhibit G is an order out of the United States District Court for the Northern District of West Virginia; and (8) Exhibit H is an order from the Circuit Court of Jefferson County, West Virginia. (*See* ECF No. 8.) The Note and DOT (collectively, the "Loan"), as well as CitiFinancial's assignment of the DOT, are explicitly relied on in the Amended Complaint, (*see* ECF No. 1-1 at 21, ¶¶ 13-15), and no party disputes the authenticity of these exhibits. Nevertheless, as discussed below, CitiFinancial's arguments lack legal support, and the Court does not need to consider any of the exhibits in order to resolve the Motion. Accordingly, the Court excludes the exhibits and treats the Motion as a motion to dismiss.[2]

*B. Whether Plaintiff is a "consumer" entitled to assert claims under the WVCCPA.*

Count II of the Amended Complaint ("Illegal Loan") expressly alleges a "violation of W.

[1] This exhibit is mislabeled as "Exhibit D." (*See* ECF No. 8-5.)

[2] The Court notes that it has discretion to treat a motion captioned in the alternative as a request either for summary judgment or as a motion to dismiss. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260 (4th Cir. 1998) (explaining that the defendant's "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" with seven exhibits attached "*might* be treated as one for summary judgment"); *see also Tsai v. Maryland Aviation*, 306 F. App'x 1, 2 (4th Cir. 2008) (same).

Va. Code § 46A-4-109[5](F)" under the WVCCPA. (ECF No. 1-1 at 23, ¶ 32.) Additionally, although Plaintiff does not allege a violation of the WVCCPA in Count III ("Unconscionable Inducement"), (*see id.* at ¶¶ 33-37), CitiFinancial claims that this count "implicates § 46A-2-121 of the WVCCPA," (ECF No. 9 at 6). CitiFinancial then argues that Plaintiff cannot assert WVCCPA claims because she is not a "consumer," under the statutory definition. (*Id.*) The Court disagrees.

There are two definitions of "consumer" under the WVCCPA. First, Article One generally defines consumer as "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations pursuant to a consumer lease." W. Va. Code § 46A-1-102(12). Plaintiff falls under this definition because she incurred a debt pursuant to the Loan. (ECF No. 1-1 at 21, ¶ 13.) Second, Article Two defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." W. Va. Code § 46A-2-122(a). CitiFinancial argues that this definition controls, and Plaintiff is not a consumer under this definition because her Loan was discharged in her bankruptcy proceeding. (ECF No. 9 at 7-8.)

However, the definition contained in Article Two is only applicable to certain sections within Article Two. *See* W. Va. Code § 46A-2-122(a). As such, Plaintiff is a consumer under Article One for the purposes of her claim under W. Va. Code § 46A-4-109(5)(F) and can pursue Count II. Additionally, even assuming *arguendo* that Plaintiff cannot pursue Count III under the WVCCPA, she may pursue it as common law claim.[3] *See Casillas v. Tuscarora Land Co.*, 412

[3] The Court recognizes that "Unconscionable Inducement" may not be a cause of action in West Virginia at common law. *See Staats v. Bank of Am., N.A.*, No. 3:10-CV-68, 2010 WL 10899255, at *9 (N.D. W. Va. Nov. 4, 2010) ("[T]he Court is aware of [no authority] for the proposition that West Virginia law recognizes a common law cause of action for unconscionable inducement. In fact, the case law appears to weigh toward the opposite conclusion[.]"). However, viewing Plaintiff's allegations in a most favorable light, Count III may support a common law claim for unconscionability, despite its title. *See Adkins v. CMH Homes Inc.*, No. CIV.A. 3:13-32123, 2014 WL 2112859, at *3 n. 3 (S.D. W. Va. May 19, 2014) (treating a count for "unconscionable inducement" as an unconscionability claim

S.E.2d 792, 795 (W. Va. 1991) ("The [WVCCPA] does not preclude claims brought at common law[.]").

Accordingly, CitiFinancial's motion is **DENIED** insofar as it seeks to dismiss Counts II and III based on Plaintiff's status as a "consumer" under the WVCCPA.

*C. Whether Plaintiff's WVCCPA claims are timely.*

CitiFinancial then argues that Plaintiff's WVCCPA claims[4] are untimely because the discovery rule does not apply. To determine whether an action is time-barred, the West Virginia Supreme Court of Appeals ("WVSCA") has outlined a five-step analysis. The court should determine: (1) the applicable statute of limitations; (2) when the requisite elements of the cause of action occurred; (3) if the discovery rule should be applied; (4) if the discovery rule does not apply, whether the statute of limitations was tolled because the defendant fraudulently concealed facts; and (5) if the statute of limitations period was arrested by some other tolling doctrine. *See* Syl. Pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255, 258 (W. Va. 2009).

As to the first step, Plaintiff's WVCCPA claim(s) are subject to a four-year statute of limitations. W. Va. Code § 46A-5-101(1). For the second step, Plaintiff entered the Loan with CitiFinancial more than fifteen years ago on December 9, 2005. (ECF No. 1-1 at 21, ¶ 13.) For the last three steps, CitiFinancial claims that no legal doctrines toll the statute of limitations. (*See* ECF No. 9 at 10-13.) Thus, CitiFinancial argues that Plaintiff's WVCCPA claims are untimely. (*Id.*)

Of importance, CitiFinancial asserts that "the discovery rule is inapplicable to Plaintiff's

---

because "'unconscionable inducement' is a near-perfect synonym for procedural unconscionability" and the facts alleged "apply perfectly to the unconscionability analyses" under West Virginia's common law).

[4] Although CitiFinancial is presumably referring to Counts II and III, the Court reiterates that Count III does not necessarily implicate the WVCCPA.

WVCCPA claims because there is a clear statutory prohibition to its application." (ECF No. 9 at 10.) To support this argument, CitiFinancial cites cases for the proposition that "a Court is not at liberty to read into a statute that which is simply not there." *See, e.g.*, *Kasserman & Bowman, PLLC v. Cline*, 675 S.E.2d 890, 897 (W. Va. 2009). CitiFinancial also cites to this Court's finding that the discovery rule does not apply to a similar statute of limitations in the Truth in Lending Act. *See Rowe v. Aurora Com. Corp.*, No. CIV. A. 5:13-21369, 2014 WL 3810786, at *9 (S.D. W. Va. 2014), *aff'd*, 599 F. App'x 95 (4th Cir. 2015) (reasoning that the statute of limitations begins to run "from the date of the occurrence" of the violation and clearly "does not contemplate application of the discovery rule").

However, the WVSCA recently held that the discovery rule does apply to a similar statute of limitations in the WVCCPA. *See State ex rel. 3M Co. v. Hoke*, 852 S.E.2d 799, 809-10 (W. Va. 2020). The statute of limitations at issue in *Hoke* stated that "[n]o civil penalty pursuant to this subsection may be imposed for violations of this chapter occurring more than four years before the action is brought." W. Va. Code § 46A-7-111(2). The defendant in *Hoke*, like CitiFinancial, argued that the absence of a discovery rule establishes that the Legislature clearly intended for no discovery rule to apply to WVCCPA actions. *Hoke*, 852 S.E.2d at 808. The WVSCA disagreed:

> "The purpose of the [WVCCPA] is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action. Hence, we have recognized that the [WVCCPA] is a remedial statute. A remedial statute improves or facilitates remedies already existing for the enforcement or rights of redress of wrongs. Statutes which are remedial in their very nature should be liberally construed to effectuate their purpose
> . . .
> In light of these authorities, we conclude that under the [WVCCPA], a cause of action by the Attorney General accrues, and the statute of limitations in West Virginia Code § 46A-7-111(2) (1999) begins to run, from the time the Attorney General discovers or reasonably should have discovered the deception, fraud, or

other unlawful conduct supporting the action."

*Id.* at 809-810 (internal quotations and citations omitted).

Here, as in *Hoke*, the applicable statute of limitations does not reference the discovery rule. *See* W. Va. Code § 46A-5-101(1). Rather, similar to the statute of limitations in *Hoke*, Section 101(1) states that "no action pursuant to this subsection may be brought more than four years after the violations occurred." *Id.* CitiFinancial's motion fails to cite *Hoke*, let alone distinguish it from the present case. Thus, at this stage, the Court declines to find that the discovery rule does not apply to Section 101(1) of the WVCCPA.

Further, under the discovery rule, "a plaintiff's duty to file suit is not triggered until the plaintiff knows, or by the exercise of reasonable diligence should have known, of a cause of action against the defendant." *Dunn*, 689 S.E.2d at 263. Here, Plaintiff alleges that she did not discover CitiFinancial's actions that constitute the basis of her claims until sometime "[i]n or around March 2020," (ECF No. 1-1 at 22, ¶ 21). Thus, taking this fact as true and in the light most favorable to Plaintiff, *see Twombly*, 550 U.S. at 570, the statute of limitations did not begin to run until 2020, and Plaintiff's claims are not untimely.

Accordingly, CitiFinancial's motion is **DENIED** insofar as it seeks to dismiss Plaintiff's WVCCPA claim(s) as untimely.

*D. Whether Plaintiff's claims are barred by laches.*

Next, CitiFinancial similarly argues that all Plaintiff's claims are barred by laches, and this argument fails for the same reason.

Laches is a "delay which operates prejudicially to another person's rights[.]" *Brand v. Lowther*, 285 S.E.2d 474, 482 (1981). Laches requires a defendant to prove "(1) lack of diligence

by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *White v. Daniel*, 909 F.2d 99, 102 (4th Cir. 1990) (internal quotation marks omitted). "The first element—lack of diligence—exists where the plaintiff delayed inexcusably or unreasonably in filing suit." *Id.* (internal quotations and citations omitted). However, "[a]n inexcusable or unreasonable delay may occur only after the plaintiff discovers or with reasonable diligence could have discovered the facts giving rise to his cause of action." *Id.* (internal citations omitted). "The second element—prejudice to the defendant—is demonstrated by a disadvantage on the part of the defendant in asserting or establishing a claimed right or some other harm caused by detrimental reliance on the plaintiff's conduct." *Id.* (internal citations omitted). There is a rebuttable presumption that the defendant was prejudiced. *See id.*

As to the first element, CitiFinancial simply points out that the alleged acts that form the basis of Plaintiff's claims occurred more than fifteen years ago. However, as discussed above, Plaintiff alleges she did not discover these acts until sometime in or around March 2020. Thus, taking this fact as true and in the light most favorable to Plaintiff, *see Twombly*, 550 U.S. at 570, the first element is not met because lack of diligence "may occur *only after* the plaintiff discovers or with reasonable diligence could have discovered the facts giving rise to his cause of action," *White*, 909 F.2d at 102 (emphasis added). As such, CitiFinancial has not established that Plaintiff's claims are barred by laches.

Accordingly, CitiFinancial's motion is **DENIED** to the extent that it seeks to dismiss Plaintiff's claims as barred by laches.

*E. Whether Plaintiff waived her right to challenge the loan.*

In its last argument, CitiFinancial asserts that Plaintiff contractually waived her right to

assert claims related to the validity and enforceability of the Loan in a Loan Modification Agreement in 2018. (ECF No. 9 at 3, 14-16.) This argument fails for three reasons.

1. Plaintiff is statutorily barred from waiving claims under the WVCCPA.

To start, "a consumer may not waive or agree to forego rights or benefits" under the WVCCPA unless the act expressly permits such a waiver. W. Va. Code § 46A–1–107. Count II alleges a violation of Section 46A-4-109(5)(F), which does not authorize waivers. W. Va. Code § 46A-4-109. Similarly, to the extent that Count III is brought under the WVCCPA, Section 46A-2-121 does not authorize waivers. W. Va. Code § 46A-2-121. Thus, by law, Plaintiff could not waive her right to assert claims under the WVCCPA.

2. Plaintiff could not waive her right to assert a claim for fraud before she discovered the alleged misrepresentations.

Additionally, a party cannot waive the right to assert a claim for fraud before discovering the material facts constituting the fraud. *See The Traders Bank v. Kollar*, No. CIV.A. 6:07-CV-00178, 2008 WL 746693, at *6 (S.D. W. Va. Mar. 18, 2008) (explaining that "a right of action for fraud may be waived when the defrauded person, with knowledge of the fraud, enters into a new contract on the same subject matter modifies or renews the original contract, or asks for additional terms"); *see also Hutton v. Dewing*, 26 S.E. 197 (W. Va. 1896) ("When one executes a contract with knowledge of a fraud which would release him from it, he thereby confirms it."). The rationale for this rule is straightforward. The common law doctrine of waiver "has been defined as the voluntary, intentional relinquishment of a known right." *Hoffman v. Wheeling Sav. & Loan Ass'n*, 57 S.E.2d 725, 735 (W. Va. 1950). This requires the waiving party to have "full knowledge of the material facts[.]" *Beall v. Morgantown & Kingwood R. Co.*, 190 S.E. 333, 336 (W. Va. 1937). However, fraud generally involves acts of "deception or trickery." *Husky Int'l*

*Elecs., Inc. v. Ritz*, 578 U.S. 356, 360 (2016); *see Stanley v. Sewell Coal Co.*, 285 S.E.2d 679, 682 (W. Va. 1981). Thus, it is axiomatic that there cannot be an effective waiver before the fraudulent conduct is discovered because those deceptive acts prevent the plaintiff from having full knowledge of the material facts. As such, "courts have held that 'in order to constitute waiver the defrauded party must act with full knowledge of his rights, and of the material facts constituting the fraud.'" *Kollar*, 2008 WL 746693, at *6 (collecting cases).

Here, CitiFinancial claims Plaintiff waived her right to assert claims related to the Loan in 2018. However, as discussed above, Plaintiff alleges she did not discover CitiFinancial's misrepresentations until sometime in or around May 2020. Thus, taking this fact as true, *see Twombly*, 550 U.S. at 570, Plaintiff could not have waived her right to assert a claim for fraud in 2018.

3. Plaintiff could not waive her right to assert a common law claim for unconscionability before she discovered the alleged misrepresentations.

Lastly, to the extent that Count III is brought as a common law cause of action, "unconscionability generally is considered to be an affirmative defense to a claim for breach of contract." *Chandler v. Greenlight Fin. Servs.*, No. 2:20-CV-00217, 2021 WL 1202078, at *10 (S.D. W. Va. Mar. 30, 2021) (collecting cases). Yet, this Court has "considered, without deciding, unconscionability claims as both common law and statutory unconscionability causes of action in the consumer home loan context." *Id.* (collecting cases). As such, caselaw is lacking in guidance on waivers related to unconscionability causes of action. Nevertheless, as the Supreme Court has explained, "[a]cquiescence and waiver are always questions of fact," *Pence v. Langdon*, 99 U.S. 578 (1878), and Plaintiff could not waive her right to assert a cause of action for unconscionability based on the facts alleged.

Specifically, Plaintiff's unconscionability claim is predicated on the same misrepresentations as her fraud claim. (*See* ECF No. 1-1 at 23, ¶¶ 28, 35.) As such, there exists little reason for the Court to engage in theoretical abstraction between Plaintiff's claims for fraud and unconscionability because the rationale for disallowing a waiver before the alleged misrepresentations were discovered is applicable to both. Similar to fraud, unconscionability is concerned with, *inter alia*, improprieties in the bargaining process. *State ex rel. Johnson Controls, Inc. v. Tucker*, 729 S.E.2d 808, 817 (W. Va. 2012). Thus, like fraud, there cannot be an effective waiver before the improper conduct is discovered if such conduct prevented the plaintiff from having full knowledge of the material facts.

To that extent, Plaintiff claims she did not discover CitiFinancial's misrepresentations until sometime in or around May 2020. Taking this factual allegation as true, *Twombly*, 550 U.S. at 570, these misrepresentations would have prevented Plaintiff from having the full knowledge of material facts before signing any alleged waiver in 2018. Consequently, Plaintiff could not have waived her right to assert a claim for unconscionability.

Accordingly, CitiFinancial's motion is **DENIED** to the extent that it argues that Plaintiff contractually waived her right to assert claims related to the validity and enforceability of the Loan.

## *IV. CONCLUSION*

For the reasons stated above, the Court **DENIES** CitiFinancial's motion. (ECF No. 8.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 14, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE